UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/24/25

UNITED STATES OF AMERICA,

           Judgment Creditor,

v.

ROCCO ROMEO,

           Judgment Debtor,
and

HUDSON VALLEY CREDIT UNION,

           Garnishee.

19-CR-0586 (VB)

**FINAL ORDER
OF GARNISHMENT**

    WHEREAS, pursuant to the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. §§ 3613, 3664(m), and the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. § 3205, the United States of America ("the Government") sought, obtained, and served a Writ of Garnishment on the Garnishee, HUDSON VALLEY CREDIT UNION, for substantial nonexempt property belonging to or due the Judgment Debtor, ROCCO ROMEO (Dkts. 98-101);

    WHEREAS, on March 5, 2025, the Garnishee filed an Answer with the Court and served a copy of it on the Government and the Judgment Debtor (Dkt. 100);

    WHEREAS the Garnishee answered that it has the in its possession, custody, or control one primary savings account number ending in 0000 with a *de minimus* balance and one Individual Retirement Account ("IRA") number ending in 0380 with an approximate value of $114,211.83, subject to market fluctuation, belonging to or due the Judgment Debtor;

    WHEREAS, in compliance with the FDCPA, the Government served the Judgment Debtor with the garnishment process 30 days ago (Dkt. 101);

WHEREAS the FDCPA requires the Judgment Debtor to file a claim for exemption, objection to the Garnishee's answer, or request for a hearing within 20 days after service under 28 U.S.C. §§ 3202(d) and 3205(c)(5), that time has expired, and neither the Court nor the Government has received any such filing by or on behalf of the Judgment Debtor;

WHEREAS, pursuant to 28 U.S.C. § 3205(c)(7), after the Garnishee files an answer, if no hearing is requested within the required time-period, the Court shall promptly enter an order directing the Garnishee as to the disposition of the Judgment Debtor's nonexempt interest in the property held by the Garnishee;

WHEREAS the Judgment Debtor still owes $850,129.76 in unpaid restitution; and

WHEREAS it is undisputed that the Government is entitled to garnish the substantial nonexempt property of the Judgment Debtor held by the Garnishee, *see United States v. Shkreli*, 47 F.4th 65, 71 (2d Cir. 2022) (holding that "[t]he MVRA expressly states that criminal restitution orders may be enforced against *all* property or rights to property, making quite clear that absent an express exemption, all of a defendant's assets are subject to a restitution order."); *United States v. Irving*, 452 F.3d 110, 126 (2d Cir. 2006) ("the only property exempt from [18 U.S.C. § 3613] is that which the government could not reach for the payment of federal income taxes"); *United States v. Novak*, 476 F.3d 1041, 1062 (9th Cir. 2006) (involuntary court-ordered distributions from retirement accounts to pay criminal restitution are not subject to additional tax or penalty for early withdrawal);

IT IS HEREBY ORDERED that the Garnishee, HUDSON VALLEY CREDIT UNION, shall liquidate securities as needed to pay to the Clerk of Court 100% of the full liquidated value of the Judgment Debtor's IRA ending in 0380, less any deductions required by law, with no withdrawal penalty; and

Payment shall be made by a certified check made payable to "Clerk of Court" with "No. 19 CR 0586" written on the face of the payment mailed to the United States District Court, 500 Pearl Street, Room 120, New York, New York 10007, Attn: Cashier.

Dated: ~~New York~~ White Plains, New York
April 24, 2025

_____
UNITED STATES DISTRICT JUDGE

Final Order of Garnishment – Page 3